UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: MICHAEL J. RANKIN
      LINDA J. RANKIN,

      Debtors,

MICHAEL J. RANKIN
LINDA J. RANKIN

      Plaintiffs,

v.

GRANDVIEW PLAZA I, LLC., and
BRUCK LAW OFFICES, S.C.,

      Defendants.

Adversary No. 15-02159-svk

Case No. 09-37264-svk

Chapter 7

---

## ANSWER

---

Defendant Bruck Law Offices, S.C., by its attorneys Gutglass, Erickson, Bonville & Larson, S.C., as and for its Answer to plaintiff's Complaint, alleges as follows:

### JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

2. Answering paragraph 2 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and,

1

therefore, denies same.

3. Answering paragraph 3 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

4. Answering paragraph 4 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

## PARTIES

5. Answering paragraph 5 of the Complaint, admits the allegations therein.

6. Answering paragraph 6 of the Complaint, admits the allegations therein.

7. Answering paragraph 7 of the Complaint, admits the allegations therein.

## APPLICABLE LAW

8. Answering paragraph 8 of the Complaint, admits the allegations therein.

## FACTS

9. Answering paragraph 9 of the Complaint, admits Exhibit A is attached as alleged but denies any allegations inconsistent with that exhibit.

10. Answering paragraph 10 of the Complaint, admits Exhibit B is attached as alleged but denies any allegations inconsistent with that exhibit.

11. Answering paragraph 11 of the Complaint, admits Exhibit C is attached as alleged but denies any allegations inconsistent with that exhibit.

12. Answering paragraph 12 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth as to what defendant Grandview knew and, therefore, denies same.

13. Answering paragraph 13 of the Complaint, admits the allegations therein.

14. Answering paragraph 14 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

15. Answering paragraph 15 of the Complaint, admits Exhibit D is attached as alleged but denies any allegations inconsistent with that exhibit.

16. Answering paragraph 16 of the Complaint, admits Exhibit E is attached as alleged but denies any allegations inconsistent with that exhibit.

17. Answering paragraph 17 of the Complaint, admits Exhibit F is attached as alleged but denies any allegations inconsistent with that exhibit.

18. Answering paragraph 18 of the Complaint, admits page 3 of Exhibit F is attached as alleged but denies any allegations inconsistent with that exhibit.

19. Answering paragraph 19 of the Complaint, admits Exhibit G is attached as alleged but denies any allegations inconsistent with that exhibit.

20. Answering paragraph 20 of the Complaint, admits the allegations therein.

21. Answering paragraph 21 of the Complaint, admits the allegations therein.

22. Answering paragraph 22 of the Complaint, admits the allegations therein.

23. Answering paragraph 23 of the Complaint, admits Exhibit H is attached as alleged but denies any allegations inconsistent with that exhibit.

24. Answering paragraph 24 of the Complaint, denies the allegations therein, and puts Plaintiff to his strict proof thereon.

25. Answering paragraph 25 of the Complaint, admits the allegations therein.

26. Answering paragraph 26 of the Complaint, admits Exhibit I is attached as alleged but denies any allegations inconsistent with that exhibit and denies all other allegations therein, and puts Plaintiff to his strict proof thereon.

27. Answering paragraph 27 of the Complaint, admits Exhibit J is attached as alleged but denies any allegations inconsistent with that exhibit.

28. Answering paragraph 28 of the Complaint, admits Exhibit K is attached as alleged but denies any allegations inconsistent with that exhibit.

29. Answering paragraph 29 of the Complaint, admits that the hearing transcript is attached as Exhibit K but deny any allegations inconsistent with that exhibit.

30. Answering paragraph 30 of the Complaint, admits that the hearing transcript is attached as Exhibit K but deny any allegations inconsistent with that exhibit.

31. Answering paragraph 31 of the Complaint, admits the allegations therein.

32. Answering paragraph 32 of the Complaint, admits the allegations therein.

33. Answering paragraph 33 of the Complaint, denies knowledge as to what Grandview was advised, but admit no action was taken to determine dischargability.

34. Answering paragraph 34 of the Complaint, admit that based upon representations

by Mr. Rankin and, later on the record by Attorney Mack that he was taking action to determine dischargability (see Exhibit K), Defendants did not take action as alleged in said paragraph.

35. Answering paragraph 35 of the Complaint, denies the allegations related to the purpose of the Affidavit and admits the remaining allegations of said paragraph.

## DISCHARGIBILITY OF DEBT

36. Reallege and incorporate by reference our answer to the foregoing allegations.

37. Answering paragraph 37 of the Complaint, denies the allegations therein, and puts Plaintiffs to strict proof thereon.

38. Answering paragraph 38 of the Complaint, admits Exhibit L is attached as alleged but denies any allegations inconsistent with that exhibit.

39. Answering paragraph 39 of the Complaint, admits the allegations therein.

40. Answering paragraph 40 of the Complaint, admits the allegations therein.

41  Answering paragraph 41 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

42. Answering paragraph 42 of the Complaint, admits the allegations therein.

## VIOLATION OF THE DISCHARGE INJUNCTION

43. Reallege and incorporate by reference our answer to the foregoing allegations.

44. Answering paragraph 44 of the Complaint, upon information and belief, denies knowledge sufficient to form a belief as to the allegations therein, and puts Plaintiffs to

strict proof thereon.

45. Answering paragraph 45 of the Complaint, denies the allegations therein, and puts Plaintiffs to strict proof thereon.

46. Answering paragraph 46 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

47. Answering paragraph 47 of the Complaint, admit the language contained in 11 U.S.C. section 105(a) but denies any allegations inconsistent with said statute.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, defendant offers the following:

48. Plaintiff's Complaint fails to state a valid claim for which relief can be granted.

49. Under doctrine of issue preclusion, Plaintiffs are estopped from denying the Judgement is valid, because it was never properly vacated.

50. This court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

51. Defendant reserves the right to assert other affirmative defenses if further discovery should prove such defenses are warranted.

**WHEREFORE**, Bruck Law Offices, S.C. demands judgment as follows:

a. Dismissing plaintiff's Complaint in its entirety;

b. Such other relief as the Court deems just and equitable.

Dated at Milwaukee, Wisconsin this 8th day of June, 2015,

                                              GUTGLASS, ERICKSON, BONVILLE
                                                  & LARSON, S.C.


                                          /s/ Paul R. Erickson_____
                                          Paul R. Erickson (#1003920)
                                          Counsel for Defendant

P.O. ADDRESS:
735 North Water Street, Suite 1400
Milwaukee, Wisconsin  53202-4267
p: (414) 273-1144/f: (414) 273-3821
paul.erickson@gebsc.com

7