UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| In re: Michael Rankin and Linda Rankin, | Case No.: 09-37264-svk<br>Chapter 7 |
| Debtors. | |
| Michael J. Rankin and Linda J. Rankin, | |
| Plaintiffs, | Adv. Case No.: 15-2159-svk |
| v. | |
| Grandview Plaza I, LLC and Bruck Law Offices, S.C. | |
| Defendants. | |

---

### BRUCK LAW OFFICES, S.C.'S ANSWER TO DEFENDANT GRANDVIEW PLAZA I, LLC'S CROSS-CLAIMS

---

Defendant Bruck Law Offices, S.C. (hereinafter "Bruck"), by its attorneys Gutglass, Erickson, Bonville & Larson, S.C., as and for its Answer to defendant Grandview Plaza I, LLC's (hereinafter "Grandview") Cross-Claims, alleges as follows:

1. Answering paragraph 1 of the Cross-claim, admits the allegations therein.

2. Answering paragraph 2 of the Cross-claim, admits the allegations therein.

3. Answering paragraph 3 of the Cross-claim, admits the allegations therein.

4. Answering paragraph 4 of the Cross-claim, admits the allegations that Bruck's services were retained to collect judgement judgment obtained in Waukesha County Court Case *Grandview Plaza I, LLC v. Two Sandwich Kings, LLC,* case number 11-SC-1656, but denies the remaining allegations of said paragraph.

5. Answering paragraph 5 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

6. Answering paragraph 6 of the Cross-claim, admits an Order to Appear was served on the Plaintiffs, but denies any and all remaining allegations of said paragraph, and puts Grandview to strict proof thereon.

7. Answering paragraph 7 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

8. Answering paragraph 8 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

9. Answering paragraph 9 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

10. Answering paragraph 10 of the Cross-claim, admits that Mr. Rankin, on November 25, 2014, for the first time notified defendant Bruck of a prior bankruptcy and deny any and all remaining allegations contained in said paragraph and puts Grandview to strict proof thereon.

11. Answering paragraph 11 of the Cross-claim, admits that Bruck initiated a contempt motion against Plaintiff, but denies any and all remaining allegations contained in said paragraph and puts Grandview to strict proof thereon.

12. Answering paragraph 12 of the Cross-claim, admits that Bruck commenced a garnishment action against the Plaintiff, Michael Rankin, but denies any and all remaining allegations contained in said paragraph and puts co-defendants to strict proof thereon, and puts Grandview to strict proof thereon.

13. Answering paragraph 13 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE**

14. Bruck, realleges and incorporates by reference responses referenced above.

15. Answering paragraph 15 of the Cross-claim, admits that Grandview's attorneys, including but not limited to Bruck, owed a duty of reasonable care to their client and denies any and all allegations inconsistent therewith.

16. Answering paragraph 16 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

17. Answering paragraph 17 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

18. Answering paragraph 18 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

19. Answering paragraph 19 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

20. Answering paragraph 20 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

21. Answering paragraph 21 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

22. Answering paragraph 22 of the Cross-claim, denies the allegations therein, and puts Grandview to strict proof thereon.

### SECOND CLAIM FOR RELIEF – CONTRIBUTION

23. Bruck realleges and incorporates by reference responses referenced above.

24. Answering paragraph 24 of the Cross-claim, denies that said paragraph states a claim for relief and further answering said paragraph, denies the allegations therein, and puts Grandview to strict proof thereon.

### THIRD CLIAM FOR RELIEF – INDEMNIFICATION

25. Bruck realleges and incorporates by reference responses referenced above.

26. Answering paragraph 26 of the Cross-claim, denies that said paragraph states a claim for relief and further answering said paragraph, denies the allegations therein, and puts Grandview to strict proof thereon.

### AFFIRMATIVE DEFENSES

27. Grandview's Cross-claim fails to state a valid claim for which relief can be granted against Bruck.

28. If Grandview sustained damages as alleged in their Cross-claim, upon information and belief, said damages were proximately caused by the acts or omissions of Grandview's prior counsel.

29. Bruck reserves the right to assert other affirmative defenses if further discovery should prove such defenses are warranted.

**WHEREFORE,** Bruck Law Offices S.C. demands judgement against Grandview as follows:

    (a) Grandview's claim against Bruck Law Offices S.C. be dismissed in its entirety,

(b) For an award of Bruck Law Offices S.C.'s taxable costs as allowed by law; and

(c) For such further relief as the Court may deem just and equitable.

Dated at Milwaukee, Wisconsin this 25th day of June, 2015,

/s/ Paul R. Erickson
Paul R. Erickson (#1003920)
Lauren L. Wick (#1097578)
Counsel for Defendant

GUTGLASS, ERICKSON, BONVILLE
& LARSON, S.C.
P.O. ADDRESS:
735 North Water Street, Suite 1400
Milwaukee, Wisconsin 53202-4267
p: (414) 273-1144/f: (414) 273-3821
paul.erickson@gebsc.com
lauren.wick@gebsc.com

4